CARL M. FALLER  SBN: 70788
FALLER LAW FIRM
Post Office Box 912
Fresno, CA 93714
Phone: 559-679-4999
carlfaller@icloud.com

Attorney for Defendant
FERNANDO RUBALCAVA

# IN THE UNITED STATED DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FERNANDO RUBALCAVA,<br><br>　　　　Defendant. | Case No.: 1:13-cr-0077 LJO SKO<br><br>STIPULATION TO WITHDRAW GUILTY PLEA AND TO ENTER A NEW AND DIFFERENT PLEA; ORDER<br><br>Date:  September 14, 2015<br>Time:  8:30 am<br>Honorable Lawrence J. O'Neill |

It is hereby stipulated and agreed as follows between the parties hereto, by and through their respective attorneys of record:

On November 4, 2014, the defendant, Fernando Rubalcava entered a plea of guilty to Count One of the Indictment in this case, which alleges Conspiracy to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and 846. Sentencing is currently set for September 14, 2015.  At the time of the plea, both parties believed that the Defendant would qualify for treatment under the "safety valve" provision of Section 5C1.2 of the United States Sentencing Guidelines.  It was also agreed that the defendant played a minor role in the offense and should receive the benefit of other downward adjustments set forth in the plea agreement.

During the presentence investigation, the parties discovered that the defendant was ineligible for safety valve treatment because of past misdemeanor convictions, and would therefore be subject to a 10-year mandatory minimum sentence, due to the amount of drugs involved in the offense.  Because the parties continue to believe that the defendant should not be subject to the ten-year mandatory minimum sentence, it is hereby stipulated and requested that the court enter an order allowing the defendant to withdraw his previously-entered plea of guilty, and to enter a new plea under the terms and conditions reflected in the attached plea agreement. The facts and circumstances in support of this stipulation are set forth in more detail below.

The investigation, which led to the charges in this matter, began on January 31, 2013, when a confidential informant reported to agents of the Bureau of alcohol, Firearms and Explosives that codefendant Robert Martinez had access to 100 pounds of methamphetamine and could arrange for a sale of 20 pounds.  According to the informant, the source of the methamphetamine was "Rogelio," who was later identified as codefendant Rogelio Rubalcava, the father of Fernando Rubalcava.

On February 5, 2013, an undercover agent met codefendant Martinez at a car wash in Porterville to purchase 1 pound of methamphetamine.  Martinez then left the car wash with the confidential informant, and they returned with approximately 431 grams of actual methamphetamine.  Martinez told the undercover agent that he could provide up to 100 pounds of the drug, but that since they were meeting for the first time, his boss wanted him to commit to only a 5-pound purchase.  Fernando Rubalcava was not present during any of the negotiations, or the delivery on this date.

On February 20, 213, the undercover agent made arrangements to purchase 13 pounds of methamphetamine from Martinez for a total of $84,600.  They met at a parking lot in Tulare, and Martinez and a confidential informant first went to Martinez's residence in Exeter, and later to the residence of Ismael Rubalcava, where defendant Fernando Rubalcava made the delivery at

the instruction of his father, codefendant Rogelio Rubalcava.  Ismael Rubalcava was also present at the timeof the delivery

Fernando Rubalcava was not involved in any of the negotiations leading up to the final transaction, nor was he present at any time, prior to making the final delivery at the request of his father.

Other defendants in the case have been sentenced as follows:

>Rogelio Rubalcava – 50 months

>Ismael Rubalcava – Deferred prosecution agreement.

>Robert Martinez – Sentence pending, based on a plea to Count I of the Indictment.

As noted above, this defendant became involved in the transaction only after all the negotiations had taken place and the final arrangements had been made by others.  He never met with Robert Martinez, the undercover agent, nor the confidential informant.  His only participation was at the request of his father, who was in Mexico at the time of the delivery.   To subject this defendant to the ten-year mandatory minimum sentence would result in an unwarranted sentencing disparity with others in the case, who were directly engaged in and directed the transaction.

It is further requested that defendant Fernando Rubalcava enter a new guilty plea pursuant to the terms of the attached plea agreement on September 14, 2015 at 8:30 a.m..

Dated:  August 31, 2015                     /s/ Carl M. Faller
                                            CARL M. FALLER
                                            Attorney for Defendant
                                            Fernando Rubalcava


                                            BENJAMIN B. WAGNER
                                            United States Attorney

Dated:  August 31, 2015

    /s/Kimberly A. Sanchez
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney
Attorney for United States of America

ORDER:

    IT IS HEREBY ORDERED that the defendant's previously-entered plea of guilty is hereby set aside and withdrawn for the purpose of entering a new and different plea of guilty pursuant to the plea agreement attached to the parties' stipulation requesting this order. The defendant is to appear on September 14, 2015 at 8:30 a.m., for entry of his new plea and a new sentencing date will be selected at that hearing.
.
IT IS SO ORDERED.

    Dated:   **August 31, 2015**             **/s/ Lawrence J. O'Neill**
                                                                 UNITED STATES DISTRICT JUDGE